## LINN BROS. GARAGE v. WOODVILLE MERCANTILE CO.   (No. 571.)

(Court of Civil Appeals of Texas.  Beaumont. March 30, 1920.)

Venue ⊂⊃17—Plea of privilege seeking change of venue must be against cross-action of co-defendant and also plaintiff's action.

For defendants to properly raise the issue that they were sued out of the county of their residence, it is necessary that they file a plea of privilege, not only as to the plaintiff's cause of action against them, but also to a cross-action set up by a codefendant; otherwise they have voluntarily submitted themselves to the jurisdiction, where the action was brought for all purposes involved in the suit.

Appeal from District Court, Tyler County; L. D. Guinn, Judge.

Action by the Woodville Mercantile Company against Ed Pate and Linn Bros. Garage.  From a judgment in favor of the first-named defendant, last-named defendant appeals.  Affirmed.

Howth & Watts, of Beaumont, for appellant.

Coleman & Lowe, of Woodville, for appellee.

WALKER, J.  This suit was brought in the district court of Tyler county, Tex., by the Woodville Mercantile Company, a corporation, against Ed Pate and Linn Bros. Plaintiff alleged that about June 1, 1918, it sold to defendant Ed Pate an automobile for $940, $625 of which was evidenced by two promissory notes, due on or about November 1, 1918, and January 1, 1919, and secured by a mortgage on the automobile. They further alleged that Linn Bros. bought the automobile from Ed Pate with knowledge of plaintiff's notes, and promised to pay the notes to plaintiff as a consideration for the automobile.

On July 22, 1919, Linn Bros. answered by a plea of privilege in statutory form, praying that the cause of action against them, if any, be transferred to the district court of Jefferson county, where these defendants lived.  They further answered, denying that they had bought the automobile from Pate, pleading that Pate had left it with them for sale.

On the 27th of August, 1919, Pate answered, admitting the allegations in plaintiff's petition as against him, and further pleading that he sold the car to Linn Bros., and that they assumed and agreed to pay plaintiff's notes, except $25 and pleading tender of this $25, and further answered, by cross-action against Linn Bros., to the effect that if he was mistaken in saying that he sold the automobile to Linn Bros. and if it should be found that the automobile was left with Linn Bros. for sale, that they abused the automobile while in their possession, and negligently damaged it to the extent of $500.  Linn Bros. did not file a plea of privilege as against this cross-action filed by Ed Pate.

Defendant's plea of privilege as against plaintiff's petition was overruled, but judgment was entered in their favor against plaintiff on the merits.  Judgment was also entered in favor of the plaintiff against Ed Pate for the relief prayed for, except the mortgage lien was not foreclosed against the automobile; and for Ed Pate against Linn Bros. for $275 for damages to the automobile.  From this judgment they have appealed, complaining of the action of the court in failing to sustain their plea of privilege.

No error is shown in this ruling of the court.  In failing to file a plea of privilege as to the cross-action of Ed Pate against them, Linn Bros. voluntarily submitted themselves to the jurisdiction of the district court of Tyler county for all purposes involved in this suit.  In order properly to raise the issue that they were sued out of the county of their residence, it was necessary that they file a plea of privilege, not only as to plaintiff's cause of action against them, but also as to Pate's cross-action.

As no error is shown in the ruling of the trial court, this cause is in all things affirmed.